UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RENEE S. HARTZ                                         CIVIL ACTION

VERSUS                                                 NO: 06-2977

ADMINISTRATORS OF THE TULANE                           SECTION: "A" (5)
EDUCATIONAL FUND, ET AL.

## ORDER AND REASONS

Before the Court is a **Motion to Alter or Amend Judgment Pursuant to Rule 59(e), or in the alternative to Certify for Interlocutory Appeal (Rec. Doc. 38)** filed by Defendant University Healthcare System, L.C., and set for hearing on April 18, 2007, on the briefs. The Plaintiff opposes the Motion. For the reasons that follow, the Motion is **DENIED** in part, and **GRANTED** in part.

## I. BACKGROUND

Plaintiff, Dr. Renee Hartz, was hired as a Professor of Surgery at the Tulane School of Medicine in July of 1997. At the time of her hiring, and for a brief period thereafter, she also practiced thoracic surgery at Tulane University Hospital and Clinic ("TUHC") as well as the Medical Center of Louisiana at New Orleans ("MCLNO"). TUHC is owned and operated by United Healthcare System, L.C. ("UHS").

The Plaintiff was appointed for a three year tenure track position. Subsequent to her appointment, Plaintiff lost her privileges at TUHC. Thereafter, in 1999, Tulane denied the Plaintiff tenure. However, following the denial of tenure, Tulane President Scott Cowan offered Dr. Hartz an additional probationary period of three years.

On May 20, 2002, the Personnel and Honors Committee voted for Dr. Hartz to receive tenure. However, on June 21, 2002, the Executive Faculty Committee informed the Plaintiff that it was vetoing that decision. Subsequent to that notification, the issue of tenure for the Plaintiff returned to the Personnel and Honors Committee. In spite of the Executive Committee's veto, the Personnel and Honors Committee once again voted to grant tenure. After further review, on July 16, 2002, the Executive Faculty Committee again vetoed the tenure grant decision. Accordingly, on July 17, 2002, Dr. Ian Taylor, Dean of the Tulane Medical School, notified Dr. Hartz that she was not granted tenure, and that the 2003 academic year would be her terminal year.

On October 19, 2002, the Plaintiff filed a grievance with Tulane over the decision of the Executive Faculty Committee. On December 11, 2002, the Grievance Committee recommended Dr. Hartz be granted tenure. On December 20, 2002, Dr. Taylor appealed the Grievance Committee's recommendation to University Provost Lestor Lefton. On March 19, 2003, Tulane informed Dr. Hartz that Provost Lefton did not agree with the Grievance Committee. Dr. Hartz then appealed the tenure denial to the Faculty, Tenure, Freedom, and Responsibility Committee, "FTFR." The FTFR affirmed the decision to deny tenure. Thereafter, on May 28, 2003, Tulane President Scott Cowan approved the tenure denial. Accordingly, on June 30, 2003, plaintiff's

employment was terminated.

In her Complaint, the Plaintiff alleges that Defendants ATEF and UHS discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and that both are liable for a state breach of contract claim based on the provisions of the faculty handbook.  The Court has previously dismissed the breach of contract claim lodged against UHS.[1]

## II. DISCUSSION

Although the thrust of UHS' Motion to Dismiss (Rec. Doc. 11) focused on both the timeliness of the EEOC charge and the alleged failure to name, UHS has filed the instant Motion to Reconsider largely based on the assertion that it was not the plaintiff's employer or joint employer.[2]  Nevertheless, the Court will briefly address UHS' two arguments; 1) that the Plaintiff was never employed by UHS, and 2) that the Plaintiff has not alleged in her Complaint that UHS was her "employer" under Title VII.

The Court finds that the question of whether UHS employed the Plaintiff is premature based on the record before the Court and given the legal standard applicable to this analysis.  It is undisputed that the Plaintiff had medical privileges at TUHC which is owned and operated by UHS.  Further, it is evident from the pleadings that UHS, TUHC, and ATEF, are connected entities.  The degree of the connection is uncertain.  The instant case presents a unique

---

[1] Rec. Doc. 29

[2] In the initial Motion to Dismiss, the Court notes that UHS, referring to Dr. Hartz, asserted that "[s]he was never employed by UHS."  There was no further briefing on this point.

employment situation wherein a medical doctor teaching for a University also practices medicine at the University's Hospital, which although managed in part by Tulane employees, is owned and operated by a distinct entity.  Under this scenario, the Court is unwilling to dismiss the case before any evidence surrounding this question is developed.  Indeed, UHS' own Motion cites case law outlining several fact-intensive tests for determining whether an employment, joint employment, or integrated enterprise employment situation exist for Title VII liability.[3]

Addressing UHS' second argument, the Court finds that under the a broad reading of the pleadings for purposes of a 12(b)(6) motion, the Plaintiff alleged that UHS was her employer.[4] Therefore, UHS' Motion to Reconsider (Rec. Doc. 38) is **DENIED**.

However, in accordance with 28 U.S.C. § 1292(b) and Rule 5(a)(3) of the Federal Rules of Appellate Procedure, this Court finds that its Order denying UHS' Motion to Dismiss involves a controlling question of law as to which there is substantial ground for differences of opinion and that an immediate appeal from this Order as authorized by 28 U.S.C. § 1292(b) may materially advance the ultimate termination of the litigation.  Therefore, the portion of the Motion seeking Certification to the Court of Appeals is **GRANTED** for the limited purpose of reviewing this Court's ruling on the timeliness of the EEOC charge.

Accordingly;

**IT IS ORDERED** that pursuant to 28 U.S.C. § 1292(b) and Rule 5(a)(3) of the Federal Rules of Appellate Procedure, UHS shall have ten days from the entry of this Order to file in the

---

[3] Def. UHS Memo in Supp. of Reconsideration, pp. 5-9

[4] Pla. Complaint, ¶¶ 4, 6, 8, 18.

United States Court of Appeals for the Fifth Circuit a Petition for Permission to Appeal. All further proceedings in this case are stayed pending the interlocutory appeal.

New Orleans, Louisiana, Wednesday, April 25, 2007.

											_____
											JAY C. ZAINEY
											UNITED STATES DISTRICT JUDGE